## HAYGOOD v. HARRIS.

1. The separate estate of the wife, is not liable at law, during the coverture, for the payment of her debts, whether contracted before or after marriage.

Writ of Error to the Circuit Court of Lowndes.

TRIAL of the right of property, between the plaintiff in error as claimant, and the defendant in error, plaintiff in execution.

Upon the trial, the plaintiff proved the levy of an execution in his favor, against Mary A. Sally, on two slaves, which had been allotted to the defendant in execution, upon the division of her father's estate, in 1837—and went to the possession of her guardian. That in 1842 she intermarried with Middleton G. Haygood, and the slaves came to her possession and that of her husband. The execution issued and was levied in May, 1844.

The claimant relied on a deed, executed by the husband, shortly after the marriage, by which he conveyed the slaves levied on to him, in trust for the sole and separate use of the wife, during her life, with remainder to her children by the marriage, and for want of such issue, remainder over to her husband. The deed secured to the wife the use and possession of the slaves during her life.

Upon this evidence, the court charged, that the deed con-

veyed such an interest to the wife, as would subject the slaves to sale under the execution, for the term of her life. To which the claimant excepted, and which he now asssigns as error.

GILCHRIST, for plaintiff in error.
COOK, contra.

ORMOND, J.—It does not appear, whether the judgment upon which the execution in this case issued, was obtained before or after the marriage of Miss Sally with M. G. Haygood; but we infer from the style of the judgment, as recited in the execution, that it was obtained against her previous to the marriage. This is however unimportant, as in no event is her separate estate liable at law to the payment of debts, during the coverture. The common law takes no cognizance of personal property in the wife during the marriage; there may be a trust for her sole benefit, which a court of equity will protect, against the creditors of the husband, She may, it is true, charge this estate during the coverture, by her own act, but such a contract can only be enforced in equity.

It seems to have been supposed, that because the debt existed previous to the marriage, the separate estate of the wife was liable to the payment of the debt after the marriage. But by the marriage it became the debt of the husband, as well as the wife, and no proceeding whatever for its enforcement, can be maintained against the wife alone ; and as she could not be sued separately, *a fortiori* an execution cannot issue against her individually, either on a judgment obtained before, or after marriage.

The case of Carlton & Co. v. Banks, 7 Ala. 32, has no resemblance to this. That was not the separate estate of the wife, but a mere life estate, which passed to the husband on the marriage, and was held subject to the payment of his debts. For a full exposition of the principles here laid down, see Morris v. Booth and wife, 8 Ala. 907.

Let the judgment be reversed and the cause remanded.