THOMAS CHATTERTON *vs.* MARTHA C. YOUNG and JOHN W. WALKER.

April Term, 1877.

MARRIED WOMAN—SEPARATE ESTATE—JUDGMENT.—A judgment against a married woman will not bind her separate estate unless the claim or debt on which it is based would have been a charge on the estate if the judgment had not been rendered.

*John M. Gaut*, for complainant.

No one appeared for defendants.

THE CHANCELLOR :—Charles B. Young and John W. Walker were partners, under the style of Young & Walker, in the property and business of the Brownsport Iron Furnace, in Decatur county, Tennessee, Young owning an undivided two-thirds interest, and Walker the other third. The defendant Martha C. Young was then the wife of John W. Walker, but, on the 9th of May, 1874, obtained a divorce from the bonds of matrimony with her said husband, and afterwards intermarried with Charles B. Young. On the 6th of April, 1874, the said John W. Walker conveyed to the said Martha C. Young (then Walker), in feé, "and to her sole and separate use and benefit, with full and complete power of alienation as though she were a *feme sole*," the real estate, personal property, choses in action described, being the property of the firm of Young & Walker, and the interest conveyed being described as one-third. Also, his entire interest of one-third in all the merchandise in the

store-house at said furnace, together with all book accounts, etc. "My intention hereby," says the deed, "being to assign, and set over, and convey to said Martha C. Walker all my interest in said firm and copartnership, and substitute her to all my rights therein as fully and completely as I can or may." In consideration whereof, the said Martha C. Walker agrees to assume and pay the just debts of the firm, "so far as said John W. Walker's interest of one-third partner is bound therefor," as a security for which the said John W. Walker, for himself and said creditors, reserves a lien on all the property conveyed, the rights of the creditors to continue as if no such conveyance had been made. In further consideration, the said Martha C. Walker undertakes to pay the individual debts of said John W. Walker, the same to be selected by her, not exceeding $15,000, any excess of this sum over debts to be paid to · John W. Walker, and a lien is retained for the payment of this sum. In further consideration, the said Martha C. Walker is to pay to the said John W. Walker an annuity during life of $1,000, payable semi-annually, to secure the payment of which the said John W. Walker retains a lien upon the realty conveyed. The said Martha C. Walker further releases all claims on the estate of John W. Walker, "and said Walker hereby declares the said Martha C. a *feme sole* as regards all the property herein conveyed, or its proceeds, * * * and confers upon her full and complete power of alienation of all or any part thereof, without his assent thereunto, that being given herein, and to be executed by her alone," subject to the liens reserved.

After this conveyance the complainant sold goods for the store at the furnace to Young & Walker, then consisting, as alleged in the bill, of Charles B. Young and Martha C., his wife, for which notes were given and renewed, presumably in the name of Young & Walker, though the fact is not directly stated or proved. On the 18th of March, 1876, the complainant recovered, before a justice of the peace of this county, three several judgments on the last

49

renewals, consisting of three notes, dated September 3, 1875, at three, four, and five months. The judgments aggregate the sum of $1,699.42, and costs. Charles B. Young has petitioned to be, and has been, declared a bankrupt. This bill was filed on the 6th of April, 1876, to subject the interest of the defendant Martha C. Young in the property conveyed to her by John W. Walker, by the above recited deed, to the satisfaction of complainant's judgments.

A married woman who is sued at law must make defence, otherwise the judgment will, as in other cases, be conclusive upon her if the court have jurisdiction of the person and the subject-matter. *Sheppard* v. *Kendle*, 3 Humph. 81; *Crawford* v. *Crawford*, 1 Tenn. Leg. Rep. 37; *Yeatman* v. *Bellmain*, 1 Tenn. Ch. 593; *Green* v. *Branton*, 1 Dev. Eq. 508. The preponderance of authority is that a judgment against a married woman is not void; and if even erroneous, because based upon a contract she was not competent to make, or for any other reason, it is still binding upon her until set aside upon appeal, or by other appropriate proceedings. Freem. on Judg. §§ 149, 150. An execution upon such a judgment may be levied upon her interest in land held in absolute right. *Crawford* v. *Crawford, ut supra; Peace* v. *Spierin*, 2 Des. 460; *Fox* v. *Hatch*, 14 Vt. 340; *Moore* v. *Richardson*, 37 Me. 438. In some states the execution may, it seems, be run against her separate estate. Freem. on Ex. § 128. But this, as has been suggested by Mr. Bishop, will depend upon the laws of the particular state. Bish. Mar. Wom. § 908. The rule in this state is that a married woman is to be regarded as a *feme sole* only so far as the deed has expressly conferred upon her the power of acting as such; that she can exercise no authority or control over her separate property except such as is specifically given in the deed, and only in the mode therein prescribed. *Morgan* v. *Elam*, 4 Yerg. 375; *Litton* v. *Baldwin*, 8 Humph. 209. If the instrument confer no power of disposition, and is altogether silent on the subject, she can exercise none. *Gray* v. *Robb*,

4 Heisk. 74. The law has been so far changed as to realty, by statute, as to confer upon a *feme covert* the power of disposition, upon privy examination, if the power is not, by the instrument under which she claims, " expressly withheld." 1870, 99, 3 ; *Lightfoot* v.*Bass*, 2 Tenn. Ch. 677. It is obvious that, if the separate estate of the *feme covert* were subject to execution, the fundamental rule of this state would be at once abrogated ; for, by allowing judgment to go against her, or confessing judgment, her separate property might be reached, no matter how sedulously guarded by the grantor against any disposition by her. Accordingly it has been held that a married woman cannot bind her separate estate by confessing judgment for a debt, unless the debt would have been a charge on the estate if the judgment had not been confessed. *Bank* v. *Garlinghouse*, 36 How. (N. Y.) 369 ; *Swayne* v. *Lyon*, 17 P. F. Smith, 436. And equity, in the enforcement of the contract of a married woman on her separate estate, does not give execution against the person or estate, but proceeds *in rem*. *Nantes* v. *Corrock*, 9 Ves. 189 ; *Francis* v. *Wigzell*, 1 Madd. 264 ; *Barnes* v. *Harris*, Busb. 15 ; *Haygood* v. *Harris*, 10 Ala. 291. I am of opinion, therefore, that the judgments in this case are of no more efficacy in equity, as a means of reaching the separate estate in controversy, than the original notes on which they were based, or the contracts which formed the consideration for the notes.

The notes themselves, even if signed by the married woman, were not binding upon her, and absolutely void, so far as she was concerned, as notes. *Sheppard* v. *Kindle*, 3 Humph. 80. The bill does not aver, nor does the proof show, any signature by her. They seem to have been signed in the firm name of Young & Walker, and doubtless by Charles B. Young. So far as appears, they were notes in the ordinary form, containing no contract on the part of the wife binding her separate estate for their payment. Without such an express stipulation in the notes, no charge was thereby created on the separate estate. *Reid* v. *Lamar*,

1 Strobh. Eq. 27 ; *Yale* v. *Dederer*, 22 N. Y. 450 ; *Knox* v. *Jordan*, 5 Jones Eq. 175. And, even with such a stipulation, the better opinion is that the separate estate would not be bound unless the consideration enured to the benefit of the *feme*, or of the estate. *Perkins* v. *Elliott*, 8 C. E. Green, 526 ; *Wilson* v. *Brown*, 2 Beas. 277 ; *McCormick* v. *Hilbrook*, 22 Iowa, 487 ; *Kelso* v. *Tabor*, 52 Barb. 125 ; *Coates* v. *McKee*, 26 Ind. 233. The complainants must, therefore, fall back upon the original debt itself.

The allegation of the bill in this regard is that the complainant sold goods for the store at the furnace to Young & Walker, then consisting of Charles B. Young and Martha C. his wife ; that the goods thus sold were such as were used and were necessary for the successful running of the business in which the said Martha C. had become, by the conveyance to her separate use, a one-third owner. There is no averment that the sale was made to or with her individually, or that there was any agreement at the time that her separate estate should be bound for their payment. In this state there is no such doctrine that a *feme covert* can become a *feme sole* trader, nor, *a fortiori*, that she can become a partner with her husband in business, so as to bind herself personally, or her separate estate, for debts contracted in conducting such business. The credit can only be considered as given to the husband, at any rate in the absence of a binding agreement on her part touching her separate estate within the power conferred upon her by the instrument under which she holds the separate estate. And her consent to her husband's use of her one-third share of the undivided property will not alter the result, for such use of the wife's separate estate is of every-day occurrence without affecting the wife's rights. *Finley's Appeal*, 17 P. F. Smith, 453 ; *Corning* v. *Lewis*, 36 How. Pr. 425. The only remaining ground relied on by the complainant is that the goods sold enured to the benefit of the separate estate. But benefit alone to the separate estate is clearly not sufficient. *Knott* v. *Carpenter*, 3 Head, 542 ; *Lockhard* v.

*Brodie*, cited 1 Tenn. Ch. 397, note. There must be, in addition to the benefit, an express agreement and intention to create the charge. *Hughes* v. *Peters*, 1 Coldw. 67 ; *Shacklett* v. *Polk*, 4 Heisk. 104. And it is the absence of such an agreement in the legal proceedings that renders the judgments ineffectual to create a charge, as they might otherwise have done in view of the unlimited power of disposition conferred upon the *feme* by the deed of settlement. *Swayne* v. *Lyon*, 17 P. F. Smith, 436.

The bill must be dismissed, with costs.