## Jordan *v.* Keeble and wife.

### *(Nashville.* February 10th, 1887.)

1. MARRIED WOMAN. *Separate estate. Judgment.*

   A judgment against a married woman will not bind her separate estate, unless the claim or debt on which it is based would have been a charge on the estate if the judgment had not been rendered.

   Case cited and approved: Chatterton *v.* Young, 2 Tenn. Ch., 768.

   Cited and distinguished: Howell *v.* Hale, 5 Lea, 405; Yeatman *v.* Bellmain, 6 Lea, 488.

2. SAME. *Same. Joint note of husband and wife.*

   The joint note of husband and wife, silent as to the wife's separate estate, will not bind it, although the payee accepted the note upon the faith of, and looking alone to, her separate estate.

   Cases cited and approved: Ragsdale *v.* Gossett, 2 Lea, 729; Letton *v.* Baldwin, 8 Hum., 209; Hughes *v.* Peters, 1 Cold., 67.

---

### FROM RUTHERFORD.

---

Appeal from the Chancery Court of Rutherford County. JNO. W. BURTON, Ch.

W. H. WILLIAMSON and L. JORDAN for Complainant.

H. P. KEEBLE for Defendants.

LURTON, J. Mrs. Keeble is the owner of certain real estate situated in the County of Rutherford, which, under decree of the Chancery Court of

said county, was vested in her husband, H. P. Keeble, as trustee, "to her sole and separate use and benefit, clear of the control and free from the liabilities of her husband, Horace P. Keeble." By the same decree she is given power to dispose of this estate "by deed, or last will and testament, or otherwise," her husband and trustee "joining her in such disposition to convey the legal title."

The complainant, Flecher, recovered a judgment in 1874, in the Circuit Court of Rutherford County, against H. P. Keeble and wife, C. C. Keeble, for $592.32. This judgment was recovered upon a note executed by both H. P. Keeble and Mrs. Keeble, and the judgment has been assigned to Complainant E. L. Jordan. Execution issued, and has been returned *nulla bona.* This bill is filed to subject to the satisfaction of this judgment the separate estate of Mrs. Keeble. In aid of the relief sought, the bill alleges that the note upon which the judgment was rendered was given by Mrs. Keeble; that the credit was extended her upon the faith of her separate estate; and that she expressly contracted that her separate estate should be bound for this debt; and that she agreed to sell a portion of her separate estate to pay this debt. The facts proven show that Major Keeble, the husband of the defendant, Mrs. C. C. Keeble, was involved in debt, and that two or more executions were levied upon his law library and office furniture. The principal creditor in

these executions was the complainant, Flecher, and he agreed that if Mrs. Keeble would bid at the execution sale the amount of the several debts, she should not be required to pay cash, but that he would take her note, payable in twelve months. She did, under this arrangement, bid off the library and furniture of her husband, and executed her note, together with her husband, for the amount of her bid. Upon this note the judgment sued upon is based. This note, upon its face, is an ordinary promissory note in usual form, and contains no agreement whatever binding the separate estate of Mrs. Keeble, and makes no allusion to it any way. Such a note, saying nothing about the separate estate of the wife, does not constitute a charge upon that estate, and parol evidence has been held by this Court not admissible to prove that the note was intended to be a charge. *Ragsdale* v. *Gossett*, 2 Lea, 729.

Upon an examination of the whole proof in the cause, we do not think that the allegation of the bill that there was an express engagement that this note should be paid out of or be a charge upon the separate estate is sustained. That Complainant Flecher looked alone to that estate and gave credit upon its existence we do not doubt; but a long line of decisions have settled the law of this State to be that the separate estate of a married woman cannot be charged by implication, and that nothing but an express agreement will enable a creditor to reach such estate.

The property bought by Mrs. Keeble, and for which this note was given, being law books and office furniture, cannot in any sense be said to have been bought for the benefit of Mrs. Keeble's separate estate. The books were never conveyed to her sole and separate use; they were never settled upon her by deed, decree, or settlement of any sort; and as the note has never been paid, they have not been paid for out of her separate estate. Their purchase cannot, therefore, be in any sense said to have been either for the enlargement of her separate estate or for its benefit.

The case for a charge is not so strong as that of *Litton* v. *Baldwin*, 8 Hum., 209. Mrs. Litton, having a separate estate, bought articles decided by the Court to have been necessary to her use and comfort. She bought at a chancery sale household furniture, and gave her note, with a third person as security, and the credit was given to her, and alone upon the faith of her separate estate. This Court held that her separate estate was not liable, and this was put upon the express ground that to charge the separate estate of a married woman with her contracts and engagements there must be proof of an express agreement and intention to create such charge. There was in that case more plausible grounds for making the separate estate liable than in this, for there the purchases were shown to have been absolutely necessary to the comfort of the wife.

See also the case of *Hughes* v. *Peters*, 1 Cold., 67, where the fact that the benefit was wholly to

the separate estate of the wife was held insufficient, the wife not herself contracting to have the work done. The question, however, as to the circumstances under which the separate estate of a married woman may be made liable, by a debt contracted for the benefit of such estate, where there is no express agreement that it shall be bound, is not before us upon the facts of this case.

It is insisted, however, that, as complainant has obtained a judgment at law against Mrs. Keeble, upon the footing of a judgment creditor, he may reach the separate estate, and that she is precluded from now making defense to this relief. We do not agree to this proposition. Both at law and in equity the contracts of a married woman are not binding upon her. The fact that a married woman has a separate estate does not of itself enable her to contract as a *femme sole* or remove any of the disabilities of coverture, save and except in so far as she has, by her contract, bound and charged her separate estate. Her engagements or contracts do not bind her personally, even though she has a separate estate. A court of equity, and a court of equity *alone,* can subject the separate estate of a married woman to the satisfaction of her engagements. This Court will not hold her bound personally or pecuniarily, and will only enforce her engagements out of her separate estate, and then only to the extent, as we have already seen, that she has contracted that it shall be liable.

Jordan *v.* Keeble and wife.

This Court in such case, there being in this State no statute enlarging the power of a married woman to bind herself by contract, save and except as to the conveyance of her estate, does not render any personal judgment against her, but proceeds *in rem*, and in a proper case decrees satisfaction out of her separate estate. The woman is not debtor, or treated as debtor, in any true sense. Said Lord Justice Jonas, in *Bank of Australia* v. *Simpson*, L. R., 4 P. C., 597: "It is not the woman, as a woman, who becomes a debtor, but her engagement has made that particular part of her property which is settled to her separate use a debtor, and liable to satisfy the engagement."

It must follow, therefore, that before a court of equity will decree satisfaction of a judgment at law, against a married woman, out of her separate estate, that it must be made to appear that the married woman has, by a valid promise or engagement charged the payment of the debt, upon which the judgment was rendered on her separate estate. This has not been made to appear in this case, and the fact that the complainant is a judgment creditor places him, with regard to this separate estate, in no better situation than if his suit was upon his note. In a very able and clear opinion rendered by Chancellor Cooper, he reached and announced the same conclusion. 2 Tenn. Ch. Rep., 768.

We do not understand the decisions of this Court to be in conflict with this conclusion.

The case of *Howell* v. *Hale and Wife,* 5 Lea, 405, is relied upon as in opposition to this view. The property of the married woman subjected to the payment of the judgment against her in that case was an estate of inheritance, and constituted her general, and not her separate estate. Mrs. Hale, as appears in the body of the opinion, in her petition described her estate as "her own ab- solute property before marriage." At most, that case only holds that the general estate of a married woman may be subjected to the payment of a judgment. Without assenting to this, we are content to say that the separate estate cannot be applied by a court of equity to the satisfaction of a judgment against a married woman, unless the debt upon which it is based would have been a charge on the estate if the judgment had not been rendered. There is nothing in the case of *Yeatman et al.* v. *Bellmain* which militates against the law as here declared. Mrs. Bellmain had been abandoned by her husband, and was engaged in business on her own account, and was held by the Court that she came within the provisions of Section 2805 of the Code (T. & S.), and that she was capable, therefore, of contracting and of suing and being sued as a *femme sole.*

The defendants, having conceded in their answers that the library purchased by Mrs. Keeble might be subjected to the payment of this debt, and the decree of the Chancellor to that effect not having

Jordan *v.* Keeble and wife.

been appealed from by Mrs. Keeble, that matter is not now before us.

The report of the Referees will be set aside, and the decree of the Chancellor, dismissing complainant's bill in so far as it sought to subject the estate of Mrs. Keeble to the payment of this debt, is affirmed. Appellants will pay all the costs of this appeal.