# WOODFOLK *v.* LYON.

## (*Nashville.* March 1, 1897.)

1. MARRIED WOMAN. *Judgment against is valid.*

   A judgment obtained against a married woman is valid, and may be enforced against her general estate, although she could have defeated it by pleading coverture. (*Post, p. 271.*)

   Cases cited and approved: Crawford *v.* Crawford, 1 Leg. Rep., 37; Howell *v.* Hale, 5 Lea, 406; Yeatman *v.* Bellmain, 6 Lea, 491; Chatterton *v.* Young, 2 Tenn. Chy. Rep., 770.

2. SAME. *Separate estate not subject to execution.*

   A married woman's separate estate is not subject, even after the termination of her coverture, to seizure under execution issued upon a personal judgment rendered against her during coverture for a debt not chargeable upon her separate estate. (*Post, pp. 271–276.*)

   Cases cited: Jordan *v.* Keeble, 85 Tenn., 412; Jordan *v.* Everett, 93 Tenn., 390; Litton *v.* Baldwin, 8 Hum., 209; Cherry *v.* Clements, 10 Hum., 555; Shacklett *v.* Polk, 4 Heis., 109; Robertson *v.* Wilburn, 1 Lea, 633; Ragsdale *v.* Gossett, 2 Lea, 739; Warren *v.* Freeman, 85 Tenn., 513; Eckerly *v.* McGhee, 85 Tenn., 661; Chatterton *v.* Young, 2 Tenn. Chy. Rep., 768; Theus *v.* Dugger, 93 Tenn., 41; Webster *v.* Helm, 93 Tenn., 323; Bank *v.* James, 95 Tenn., 15.

---

### FROM MAURY.

---

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

Woodfolk v. Lyon.

FIGUERS & PADGETT and STOKES & STOKES for Woodfolk.

H. PARKS and G. T. HUGHES & SON for Lyon.

WILKES, J.   This bill is filed to enjoin the Sheriff of Maury County from selling certain property belonging to complainant under execution from a personal judgment rendered by the Chancery Court of Jackson County against complainant and her husband, W. W. Woodfolk, and to have the judgment declared void.

There was a demurrer to the bill, which was overruled, and defendants thereupon, by leave of Court, appealed, and have assigned errors.

The facts, as made out by the bill, are: Complainant married W. W. Woodfolk in 1883.   On the day of their marriage the husband executed and delivered to the wife a deed of gift to certain lands in Jackson County, and they resided together upon this land for some time, when the defendants to this cause instituted an action to recover possession of the land.   As a result of that litigation, the defendants did recover the land, and also a judgment against Woodfolk and wife for rents and profits and timber cut, after allowing certain credits for improvements.

Some time after their marriage complainant separated from her husband, and was afterward, in 1892, divorced.   In the meantime the property levied upon, as stated in this bill, was settled upon

complainant to her sole and separate use, and free from the debts, contracts, and liabilities of her present or any future husband.

It is now insisted that the judgment rendered in the Jackson County Chancery Court, although taken against complainant when she was a *feme covert*, is not void; and having failed to interpose her coverture before judgment rendered, complainant cannot now set it aside.

We think the law is well settled in this State, that if a married woman is sued, and she fails to plead her coverture, the judgment is not void, and may be satisfied by execution against her general estate. *Crawford* v. *Crawford*, 1 Leg. Rep., 37; *Howell* v. *Hale*, 5 Lea, 406; *Yeatman* v. *Bellmain*, 6 Lea, 491; *Chatterton* v. *Young*, 2 Coop. Chy., 770.

We are of opinion, therefore, that in so far as the bill seeks to set this judgment aside it cannot prevail, and is properly demurrable.

The other question is one of much difficulty, and as to which there is no direct adjudication—that is, whether the separate estate of a married woman may, after coverture ceases, be subjected to a general judgment obtained against her while married.

In *Chatterton* v. *Young*, 2 Tenn. Chy., 768, it was held that a judgment against a married woman will not bind her separate estate unless the claim or debt on which it is based would have been a charge on the estate if the judgment had not been rendered; in other words, the judgment as to such

separate estate is no more far reaching than the original debt on which it is based, and the same doctrine is held in *Jordan* v. *Keeble and Wife,* 1 Pick., 412; *Jordan* v. *Everett,* 9 Pick., 416.

In each of these cases, however, the question arose out of an effort to subject such separate estate during coverture, and not after it had ceased.

In Perry on Trusts (2d Ed., Sec. 552), it is stated: "The property conveyed to a married woman, to her sole and separate use, becomes absolutely hers, and may be sold by her as soon as her husband dies, or creditors may seize it for her debts."

This statement of the text, so far as it pertains to her power of sale after her husband's death, is supported by authority, but so far as it holds that creditors, in that event, may seize it for her debts, is not sustained by the authorities the author cites.

We can derive but little aid from the text-books and decisions of other States upon this point, or, indeed, upon the general subject of separate estates of married women, since there is a great diversity of holding in the several States upon questions affecting the wife's separate estate. A most exhaustive resume of the English and American law upon the subject of separate estates, and the holding of different Courts, is found in *Radford* v. *Carwile,* 13 W. Va., 572–685. In some States execution may run against her separate estate. Freeman on Ex., Sec. 128. But this will depend on the laws of the particular State. Bishop on Married Women, Sec.

958. We must, therefore, consider the holdings of our own Courts in regard to the nature and characteristics of separate estates, and how they may be charged by the married woman or subjected to her debts.

It has been uniformly held that, in order for a married woman to charge her separate estate, she must expressly agree and stipulate to do so for the special debt sought to be charged. *Litton* v. *Baldwin*, 8 Hum., 209; *Cherry* v. *Clements*, 10 Hum., 555; *Shacklett* v. *Polk*, 4 Heis., 109; *Robertson* v. *Wilburn*, 1 Lea, 633; *Ragsdale* v. *Gossett*, 2 Lea, 739; *Jordan* v. *Keeble*, 1 Pick., 412; *Warren* v. *Freeman*, 1 Pick., 513; *Eckerly* v. *McGhee*, 1 Pick., 661; *Chatterton* v. *Young*, 2 Tenn. Chy., 768; *Theus* v. *Dugger*, 9 Pick., 41; *Webster* v. *Helm*, 9 Pick., 323; *Bank* v. *James*, 11 Pick., 15. Benefit derived by the separate estate is not sufficient to make the estate liable. *Knott* v. *Carpenter*, 3 Head, 542. And it cannot be charged by implication. *Theus* v. *Dugger*, 9 Pick., 47.

We are of opinion, also, that in order to reach the separate estate of a married woman, the proceeding must be by bill in equity to subject the property charged.

In *Chatterton* v. *Young*, 2 Tenn. Chy., 771, it is said: "It is obvious that if the separate estate of the *feme covert* were subject to execution, the fundamental rule of this State would be at once abrogated, for by allowing judgment to go against her,

14 P—18

or confessing judgment, her separate property might be reached, no matter how sedulously guarded by the grantor against any disposition by her.  .  .  . Equity, in the enforcement of the contract of a married woman on her separate estate, does not give execution against the person or estate, but proceeds *in rem.*'' Citing 9 Ves., 189; 1 Madd., 264; 10 Ala., 291. And this is the holding of this Court in *Jordan* v. *Keeble,* 1 Pick., 417; *Warren* v. *Freeman,* 1 Pick., 515; *Eckerly* v. *McGhee,* 1 Pick., 661; *Jordan* v. *Everett,* 9 Pick., 390, 416.

And it is the generally accepted theory that Courts of Equity enforce the agreements of married women against their separate estates, not as personal liabilities, but by a proceeding *in rem* against the property charged. Cord on Married Women, Secs. 254, 262, 283*a*, 283*b*, 332; *Radford* v. *Carwile,* 13 W., Va., 572–685; *Wainford* v. *Heyl,* 20 Eq., 321–324.

We are not now considering the question of a debt created after the coverture ceased or before it begins, and we express no opinion as to the liability or proper remedy in such cases. Here the liability was created and judgment was obtained during the coverture. Although at that time the wife owned the property now sought to be subjected, it could not be reached by execution, neither could it be reached in equity, because the wife had not charged it by any special or general agreement to that effect. Upon what principle - does the death of the

Woodfolk *v.* Lyon.

husband or the divorce of the wife render the property liable?·

We can understand how she may dispose of the property after her husband's death as she might choose, and as a *feme sole.* She had that right during coverture, unless it was expressly withheld in the instrument creating the separate estate, but we are unable to see why her separate estate would be liable for her debts incurred during coverture any more after she became discovert than before. She needs protection from her husband's debts then as much or more than when covert. We cannot see that the death of her husband, or her divorce, can render her property liable for a debt or obligation that it was not liable for when the debt or obligation was incurred, nor how such death or divorce could render a liability enforceable that was not enforceable when incurred.

Under the cases cited the judgment would add no additional vitality or effect to the liability or debt than it possessed before the judgment, as against her separate estate.

The fact of the judgment does not place the creditor in any better attitude, as regards the separate estate, than he had as to the debt or liability in its original shape. If she again becomes covert it cannot be insisted that the exemption of her separate estate would not again attach as it existed under the first coverture.

We are of opinion, therefore, that the separate

estate of complainant was not made liable during coverture by the judgment rendered, and neither did it become liable for such judgment after coverture.

There was, therefore, no error in overruling the demurrer so far as it raised the question of the liability of the separate estate of complainant to execution upon the judgment mentioned, and the decree of the Court below is modified and affirmed with costs, and the cause is remanded for such further proceedings as may be desired.

Chief Justice Snodgrass and Associate Justice Beard did not concur in this opinion.