IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

JACKSON, APRIL TERM, 1899.

---

PERSICA *v.* MAYDWELL.

(*Jackson.* April 8, 1899.)

1. LANDLORD AND TENANT. *Wife becomes tenant, when.*

The wife becomes tenant, and liable for the rent of a storehouse in which her husband had conducted a mercantile business, where, after expiration of the husband's lease of the house, she purchased his business and continued to occupy the house on her own account, and made some payments on the rent.

2. COVERTURE. *Not available as a plea, when.*

Since the enactment of Ch. 82, Acts 1897, a married woman cannot successfully plead her coverture to defeat judgment for a debt contracted by her in the conduct of a mercantile or

[207]

manufacturing business—*e. g.*, a debt for the rent of a store-house in which to carry on a mercantile business.

Act construed: Acts 1897, Ch. 82.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County. J. S. GALLOWAY, J.

J. W. DURHAM for Persica.

R. LEE BARTELS and JAS. H. MALONE for Maydwell.

McFARLAND, Sp. J.   The plaintiff in error, John Persica, leased two storehouses from Mrs. Sopha Maydwell—Nos. 56 and 58 Hernando Street —under written lease from November 1, 1893, to October 31, 1894, at a rental of $112.56 per month.   At expiration of this lease, Persica still remained in the houses, but refused to execute a new lease.   The rent was reduced to $100 per month.   In August, 1897, Persica turned the store and business over to his wife, and she took out license from the city in her own name, and continued this business in these houses until May 8, 1898, when they moved out. After Mrs. Persica took possession they continued to pay the rent, Mrs. Persica generally paying, and

Persica v. Maydwell.

Mrs. Maydwell testified that at one time she, Mrs. Persica, paid this rent by her own check on the Continental National Bank. This is denied by Persica and wife, who say the wife had no bank account. Mrs. Maydwell would make out these rent receipts before going to stores, and the four which were not paid were to John Persica.

Mrs. Maydwell further testified that in February, 1898, she told Mrs. Persica she, Mrs. Maydwell, would look to her, Mrs. Persica, for the rent after that. This is denied by Mrs. Persica. No rent was paid for the months of April or May, 1898, and upon this, Persica moving out on May 8, 1898, this suit was brought against both Persica and wife for two months' rent. The wife filed a plea of coverture. Judgment for plaintiff before the Justice, appealed to Circuit Court, trial by jury, with verdict and judgment for the plaintiff.

Mrs. Persica assigns as error the action of the Court in not sustaining her plea of coverture. There is no question in this case but that the husband transferred these stores and his business to his wife; that she carried on this business in her own name in these stores, after the expiration of the two years' lease made to her husband, paying rent therefor several months, and then left the house, leaving two months unpaid. These facts are sufficient for this Court to affirm a verdict and judgment which compels the payment of this debt, unless prevented by some clear legal rule or principle.

18 P—14

Persica *v.* Maydwell.

The Act of 1897, Chapter 82, was passed to enable Courts to compel the payment of just such debts. It is in these words: "SECTION 1. *Be it enacted, etc.*, That when married women are engaged in the mercantile or manufacturing business, in their own names, or by an agent, or as partner, they shall be liable for the debts incurred in the conduct of such business as if they were *feme sole*, and no plea of coverture shall avail in such cases."

Aside from an express leasing, or even promise to pay, we think the occupation by one person of another's property carries with it an implied promise to pay rent. Besides, here the plaintiff testifies that Mrs. Persica, the actual tenant, paid several months' rent, and was notified, in substance, that she would be looked to, as tenant, to pay the rent. She remained in possession of the premises and paid rent after this. This was sufficient, if believed by the jury, to justify a verdict for plaintiff. The jury found a verdict for the plaintiff, which the Court sustained, and this Court will not disturb it. Let it be affirmed, with costs.