## PLANO MFG. CO. *v.* SCHELL *et al.*

### '(*Nashville.* December Term, 1904.)'

1. **MARRIED WOMAN. Lands held as general estate subject to execution.**

   An execution from a justice's judgment against a married woman may be levied on lands held by her as a general estate.

   Cases cited and approved: Howell v. Hale, 5 Lea, 506; Yeatman v. Bellmain, 6 Lea, 491.

   Cited and distinguished: Woodfolk v. Lyon, 98 Tenn., 274.

2. **SAME. Lands of, subject to deed of trust can be reached only by bill in chancery.**

   Where such lands have been conveyed in trust to secure debts, the judgment creditor, with return of *nulla bona,* may maintain a bill in chancery to have the trust deed foreclosed, the debts secured thereby paid off, and the surplus applied to the satisfaction of his judgment, and such surplus can be reached in no other way.

3. **SAME. Plea of coverture cannot be interposed as defense to such bill.**

   The chancery proceeding is not a new suit against which she has a right to interpose the defense of coverture, but is merely in aid of the execution at law, and its object and purpose is to execute the judgment of the justice.

4. **QUESTION RESERVED. Right to new judgment in chancery court.**

   The question is reserved and not decided, because not raised by the demurrer in the court below, as to whether, in such proceeding in chancery court, the judgment creditor is entitled to a new judgment, based upon the justice's judgment, against the married woman, over her protest, although she submitted to the judgment before the justice.

Plano Mfg. Co. v. Schell et al.

## FROM SUMNER.

Appeal from the Chancery Court of Sumner County. —J. W. Stout, Chancellor.

D. B. Puryear, for Plano Mfg. Co.

Seay & Seay, for Schell et al.

Mr. Justice Wilkes delivered the opinion of the Court.

This cause is before us on bill and demurrer. The chancellor sustained the demurrer, and the complainant has appealed, and assigns his action as error.

The case made by the bill is that complainant obtained judgments before a justice of the peace against Schell and wife aggregating .$134.25, upon which executions issued and were returned *nulla bona*. Mrs. Schell did not plead her coverture and judgments went against her before the justice by default.

Previous to this time, Mrs. Schell, with her husband, executed a deed of trust upon certain lands, which were her general estate, to secure other debts.

After complainant's executions were returned *nulla bona,* he filed a bill in chancery, under the provisions of the statute, to pay off the debts secured thereby, and apply the the surplus or remainder to his judgments. He also prayed for a new judgment in the chancery court, based upon the justice's judgments.

The demurrer raises two grounds—virtually the same—that the lands of a married woman cannot be subjected to a judgment against her by a proceeding of this character, and that the interest of a married woman in her general estate cannot be divested out of her by such proceedings, but only by a conveyance with privy examination.

In argument in this court it was further urged that a second judgment against a married woman cannot be rendered against her over her own protest, even though she may have submitted to the original judgment in the court below.

We need not consider this question, as it is not raised by the demurrer in the court below.

It is not denied that executions upon these justices' judgments might have been levied upon the married woman's land held as her general estate, if the same was not incumbered by the deed of trust; but it is said the present proceeding is virtually and in law a new suit against which she has a right to interpose the defense of coverture.

We think this contention not well made.

The chancery proceeding is merely in aid of the execution at law, and its object and purpose is to execute the judgment of the justice by applying the property of the married woman to its satisfaction, which might have been done by an ordinary execution, but for the fact there is an incumbrance on the land, and the legal title is not in the married woman, but in the trustee. But her

Plano Mfg. Co. v. Schell et al.

interest in the surplus after paying the trust debts is subject to her debts, and can only be applied in the mode attempted.

As before stated, the right to a new judgment, based upon the original, is not involved, because not raised in the court below by the demurrer.

This question is virtually settled in the cases of *Howell* v. *Hale,* 5 Lea, 406, and *Yeatman* v. *Bellmain,* 6 Lea, 491, and other cases, more or less directly.

This is not the case of an effort to subject the separate estate of a married woman to a judgment against her, as was the case in *Woodfolk* v. *Lyon,* 98 Tenn., 274, 39 S. W., 227, in which it was held that the creditor's remedy against the separate estate of a married woman was not in any way aided by a judgment against her, and that such judgment would have no greater effect than the original debt, but could only be made out of such separate estate if the married woman had charged it on such estate.

Here the effort is to make the judgment out of the general estate of the married woman, and not out of her separate estate.

We are of opinion the court was in error in sustaining the demurrer, and the decree of the court below is reversed, and the cause remanded to be proceeded with to final decree.

Appellees will pay the costs of appeal.