## W. H. HUGHEY *v.* LOUISA WARNER.

### (*Jackson.*   April Term, 1911.)

1. **SEPARATE ESTATE.   Money derived from life insurance on former husband and deposited in bank constitutes separate estate.**

   Money deposited in bank by a married woman belongs to her as her separate estate, where it arose from an insurance effected on her former husband's life in her favor, procured by him, or with his consent, as a settlement on her, and it will be presumed that such fund was raised, with his knowledge and consent, as such settlement. (*Post, p.* 727.)

   Cases cited and approved: Insurance Co. v. Booker, 9 Heisk., 607; Gosling v. Caldwell, 1 Lea, 454; Scobey v. Waters, 10 Lea, 562, 563.

2. **SAME.   Same.   Married woman may by will dispose of her separate estate in personalty so as to defeat her husband.**

   A married woman owning a separate estate in personalty, as money derived and deposited by her in bank, as stated in the preceding headnote, has the right to dispose of it, and may dispose of it by will, so as to defeat the right which her husband would otherwise have to succeed to it as husband, if it were not so disposed of. (*Post, pp.* 727, 728.)

   Cases cited and approved: Perry v. Gill, 2 Humph., 218, 223; Williford v. Phelan, 120 Tenn., 589, 597; Fettiplace v. Gorges (1789), 1 Brown Chy., 6-8; same case, 1 Ves., Jr., 46; Taylor v. Meads, 4 De Gex, Jones & Smith, 597, 605.

   Cases cited and distinguished: Hamrico v. Laird, 10 Yerg., 222; Brown v. Brown, 6 Hump., 126; Hays v. Bright, 11 Heisk., 325; Handwerker v. Diermeyer, 96 Tenn., 619; Weakley v. Woodard, 2 Tenn. Chy. App., 589, 590.

3. SAME.   While usually ceasing or suspended during widow-
hood, it revives upon subsequent marriage.

While insurance money collected by the widow on a policy upon
a former husband's life, and deposited in bank by her, possesses
the quality of a separate estate, and such quality usually ceases
or is suspended during widowhood, yet upon the occurrence of
a subsequent marriage, the separate estate revives. (*Post*, *p*. 728.)

Cases cited and approved:  Beaufort v. Collier, 6 Humph., 492;
Pooley v. Webb, 3 Cold., 603.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor

JAMES H. MALONE, for complainant.

TREZEVANT, BARTELS & TREZEVANT, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

In this case there was a controversy between the
surviving husband and the sister of his deceased wife
over certain items of personal property consisting
mainly of jewels, and an insurance fund belonging
to the wife which she had deposited in bank.
This fund had arisen under a policy which had been
effected on the life of her first husband.   The wife
left a will by which she attempted to bequeath all of
her property to her sister to the exclusion of the hus-
band, and he brought his bill in the Shelby county

chancery court to have his rights declared, and to recover the property. The chancellor decreed in favor of the husband as to all of the property, and from this decree the defendant appealed.

The rights of the parties should be settled upon the following principles:

1. Leaving out of view all other grounds, we are of the opinion that the insurance money, or fund, in question, deposited in bank, belonged to the wife as her separate estate, in the very nature of the property, arising as it did from an insurance effected on her first husband's life in favor of the wife. *Prima facie* such insurance was procured by the husband, or with his consent, as a settlement on the wife. We cannot suppose that she would raise such a fund on the life of her husband without his knowledge and consent. That such a fund is separate estate see the following authorities: *Scobey* v. *Waters*, 10 Lea, 562, 563; *Southern Life Insurance Co.* v. *Booker*, 9 Heisk., 607; Cyc., vol. 21, pp. 1370, 1371; and see *Gosling* v. *Caldwell*, 1 Lea, 454; 21 Cyc., p. 1370.

2. Being separate estate, the *jus disponendi* would exist, and the wife could dispose of it by will so as to defeat the right which the husband would have to succeed to it as husband, if it were not so disposed of. *Fettiplace* v. *Gorges* (1789), 1 Brown Chy., 6–8; *same case*, 1 Ves., Jr., 46; *Taylor* v. *Meads*, 4 De Gex, Jones & Smith, 597, 605; Schouler on Wills, 1st Ed., sec. 51, p. 50, sec. 52, p. 52, sec. 54, pp. 53, 54; Underhill

on Wills, vol. 1, sec. 121, p. 172. And see our own cases as follows: *Perry* v. *Gill*, 2 Humph., 218, 223; *Williford* v. *Phelan*, 120 Tenn., 589, 597; also Pritchard on Wills, sec. 86, p. 92.

3. The case of *Hays* v. *Bright*, 11 Heisk., 325, interposes no objection. The settlement under consideration in that case confined the power of disposition to sale. This necessarily excluded the power of disposition by will.

4. The cases of *Hamrico* v. *Laird*, 10 Yerg., 222; *Brown* v. *Brown*, 6 Humph., 126; *Handwerker* v. *Diermeyer*, 96 Tenn., 619, and *Weakley* v. *Woodard*, 2 Tenn. Chy. App. Rep., 589, 590, likewise interpose no objection. These were cases wherein it appeared the wife died intestate. The law is clear that the husband will in such cases take her separate property unless the instrument creating it cuts off his right beyond her death.

5. Although the insurance was collected on a policy issued on the life of a former husband, and the quality of separate estate usually ceases, or is suspended during widowhood, yet upon the occurrence of a subsequent marriage, it revives. *Pooley* v. *Webb*, 3 Cold., 603; *Beaufort* v. *Collier*, 6 Humph., 492; Schouler on Husband and Wife, sec. 197.

6. The chancellor's decree was erroneous as to the insurance money deposited in bank, and will be reversed to that extent. As to the other personal property, the decree will be affirmed.

7. Divide the costs equally.