THOMPSON *v.* CARSON, COMMISSIONER OF FINANCE AND
TAXATION.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

WILLIAMS, CUMMINGS & WEST, of Nashville, for plaintiff in error.

ROY H. BEELER, Attorney General, and HENRY C. FOUTCH and THOMAS H. MALONE, III, Assistant Attorneys General, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case presents an appeal from the Circuit Court of Davidson County from an order dismissing the petition of *certiorari* filed by the plaintiff Thompson seeking to recover a 1941 Plymouth convertible coupe and six cases of whisky, bearing Kentucky stamps, confiscated from him on March 28, 1946. The State Highway Patrol and

the Sheriff of Henry County seized the property in conformity with Section 1, Chapter 119, of the Public Acts of 1941, as amended.

Prior to the seizure of the property, the Commissioner of Safety had informed J. T. Phelps, Western Division Chief of the State Highway Patrol, that Thompson was hauling whisky. Thompson was a former member of the State Highway Patrol.

On the morning of March 28, 1946, Chief Phelps received information that Thompson would bring a load of whisky in his car into Henry County, from Clarksdale, Dover or Kentucky. This information also included a full and complete description of the automobile including the license number. Upon receipt of this information Chief Phelps, accompained by Sergeant Brooks and Patrolman Swayne of the State Highway Patrol, and Sheriff Williams of Henry County, went to the home of Allen Thompson, Justice of the Peace for Henry County, before whom the disputed search warrant was presented and sworn out. Chief Phelps at first testified that, according to his recollection, he disclosed the name of his informant to the magistrate. Later, on recross-examination, he testified that he did not inform the magistrate of the name of his informant. After the warrant was issued by the magistrate, the officers proceeded to a side road at the foot of the west side of the Tennessee River Bridge, at the point where the river divides Stewart and Henry Counties, and in a short time thereafter Thompson approached in the automobile that had been described to Chief Phelps as before stated.

Thompson testified that he objected to the search, and that it was only after Chief Phelps threatened him that he gave him the keys to the trunk of his car, where the six cases of whisky was found.

We have heretofore affirmed the conviction of Thompson on a charge of felonious transportation of intoxicating liquor. We grounded our opinion in that case principally upon the proposition that the arrest by Chief Phelps and Sheriff Williams was lawful on the ground that Phelps had information that Thompson was about to commit a felony, and therefore a search warrant was unnecessary. *Dittberner* v. *State*, 155 Tenn. 102, 291 S. W. 839; *Goodwin* v. *State*, 148 Tenn. 682, 257 S. W. 79.

Thompson claims in the instant case that the search warrant was void because of the misrepresentation made by Chief Phelps.

The name of the informant of the arresting peace officer is not material in a search-warrant case, and the officer cannot be compelled to disclose the name by the trial court. *Gallimore* v. *State*, 173 Tenn. 178, 116 S. W. (2d) 1001; *Bragg* v. *State*, 155 Tenn. 20, 290 S. W. 1.

The decision of a justice of the peace in issuing a search warrant is not subject to collateral attack when the accompanying affidavit is regular on its face and shows that there was material evidence before the magistrate to support his actions. *Gallimore* v. *State, supra,* and *Bragg* v. *State, supra.*

The description in a search warrant is sufficient which particularly points to a definitely ascertainable place so as to exclude all others, and which enables the officer to locate the place to be searched with reasonable certainty, without leaving it to his discretion. *State* v. *Bass,* 153 Tenn. 162, 281 S. W. 936.

However, it appears that Thompson took the stand and admitted possession of the whisky at the time of his arrest. *Hood* v. *State,* 148 Tenn. 265, 255 S. W. 51.

We think the Commissioner is entitled to an affirmance of this case upon three grounds:

1. Because the officers were acting under a valid search warrant.

2. Because Thompson took the stand and admitted possession of six cases of whisky at the time of his arrest.

3. Because Chief Phelps had information that Thompson was about to commit a felony, and therefore no search warrant was required.

■ Even though the search warrant was held invalid and the evidence on that feature of the case was inadmissible, still it was admissible on the theory that Thompson was about to commit a felony.

■ In *Peery* v. *Peery*, 94 Tenn. 328, 29 S. W. 1, it was held that evidence admissible upon one issue in a case, but incompetent as to others, cannot be excluded upon objection.

The assignments of error are all overruled and the judgment of the lower court is affirmed.

All concur.