BURKS *v.* STATE.

WALDEN *v.* STATE.

(*Nashville*, December Term, 1952.)

Opinion filed February 6, 1953.

676

H. H. CLARK, of Cookeville, for Burks.

THOMAS E. HINSON, of Lebanon, for Walden.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

These two appeals present identical questions of law, and for clarity and consistency, we are filing a single opinion to dispose of the questions presented. Both convictions were for the illegal possession of slot machines, with punishments of fines and jail sentences.

In both cases, the errors assigned are the same: (1) That the search warrants under which the evidence was obtained to support the convictions were void; (2) That the evidence introduced by the State was insufficient to support a conviction for the illegal possession of gaming devices under a proper construction of our statutes.

In the Burks case a search warrant was obtained and a number of old slot machines were found in a barn in a remote part of Putnam County. There was evidence that the premises had not been recently used, and the evidence was conclusive that the slot machines found were "for the most part junk," old, worn out, unfit for any

use except that parts of them might be used for the repair of other machines. The defendant Burks, himself, took the stand and denied that the machines had been used by him for gambling, or that at the time of their seizure, they were being used to entice the public to gamble.

In the Walden case, a search warrant was obtained, and in the resulting search, 24 slot machines were found in a small house on the defendant's farm. On cross-examination, one of the witnesses for the State testified that these machines were piled in this small house; that the house was not wired for electricity, and was located about 15 or 20 miles from Lebanon, in a rural section of Wilson County; that there were no signs that the machines had been played or used at this place, and that "all appearances indicate that they were being stored in this house." Defendant did not take the stand, and offered no evidence in his own behalf.

We consider first, the attack made upon the search warrants in the two cases. In the Burks case, since the defendant took the stand and admitted his ownership of the seized property, he waived objection to the search warrant, *Hood* v. *State*, 148 Tenn. 265, 255 S. W. 51; *Thompson* v. *Carson*, 186 Tenn. 170, 208 S. W. (2d) 1019. In the Walden case, the attack upon the search warrant is based upon the irregularity of the signature of the Justice of the Peace who issued it. As has become customary, the affidavit and warrant are upon a single sheet, and are in a printed form. The attesting signature of C. T. Surndell, as Justice of the Peace, on the affidavit, is entirely regular and complete, but on the warrant, C. T. Surndell did not sign the warrant on the line provided for the signature, but on the left-hand side

of the page, upon the line provided in the warrant for the issuing Magistrate to indicate the place where the seized property was to be returned. This Court has held that being on a single sheet, information lacking in the warrant itself, may be supplied by reference to the affidavit, *O'Brien* v. *State,* 158 Tenn. 400, 402, 14 S. W. (2d) 51; *Bradford* v. *State,* 174 Tenn. 526, 128 S. W. (2d) 627; that in considering technical or formal irregularities in signatures on search warrants, the Court will not allow a technical irregularity to defeat the ends of justice, but will look through form to substance, protecting the substantial rights of the accused. This rule is in accord with general law. Cornelius, Search & Seizure, 2d. Ed., p. 592. A warrant is not invalid because the Justice of the Peace fails to recite his official character if such fact sufficiently appears from other portions of the warrant. *Phillips* v. *Commonwealth,* 221 Ky. 84, 295 S. W. 1019.

Under the foregoing authorities, we find no merit in the attack of either of these defendants on the search, and the assignments of error in that regard are overruled.

In the Burks case, the offense laid in the indictment was that the defendant "did unlawfully keep certain gambling devices, or devices for gaming, to-wit, about 12 slot machines, against the peace and dignity of the State." In the Walden case, the offense charged was that the defendant "did unlawfully have in his possession 20 slot machines, same being machines used for gaming, against the peace and dignity of the State." Neither of these presentments is in the exact language of any statute of Tennessee which has been brought to our attention, nor is any Code Section mentioned in either presentment.

That part of the charge of the Trial Court, which defines the pertinent gaming laws and punishment for their violation, is identical in the two cases, and is:

"Offense Defined.

"Code Section 5250, provides as follows:—

"'Gambling devices.—No person shall have in his possession any gambling table or any device whatever for the enticement of any person to gamble.'

"So that if you find beyond a reasonable doubt from the proof that the defendant had in his possession or possessed these slot machines or so-called one-arm bandits and find that they are gambling devices it would not be necessary that you find that they were at the time being used for gambling or for the enticement of persons to gamble. The language of the statute 'any device whatever for the enticement of any person to gamble' is descriptive and the statute prohibits the bare possession of gambling devices.

"Punishment.

"Code Section 11282, provides as follows:

"'Gaming device.—Any person convicted of having, or having had, in his possession any gambling table or other device for the enticement of any person to play or gamble at, shall be fined not exceeding three hundred dollars, and may be imprisoned not more than three months in the county jail.'"

In considering the accuracy of this portion of the charge, we are aware of the declaration in Code Section 11292, that the gaming statutes are to be construed as remedial and not criminal, and of the provision in Code Section 11293, that it is not necessary for the indictment to specify the manner in which the defendant is concerned in the keeping or exhibiting of a gambling device. Such

declarations by the Legislature are, of course, subject to constitutional limitations, and cannot deprive an accused of his right to definite accusation under statutory law, and instruction of the jury in that law, in aid of a fair trial. Compare: *M'cGowan* v. *State*, 17 Tenn. 184, 197.

■■ It is noted that the Trial Judge elected to refer the offense to Code Section 5250, a part of the Civil Code, and to refer the punishment to a part of the Criminal Code, Section 11282. There is a section of the Criminal Code equally applicable to the presentment in the present case. It is Code Section 11276:

"If any person encourage or promote, aid or assist, the playing at any game, or the making of any bet or wager, for money or other valuable thing, or keep or exhibit any gaming table or device for gaming he is also guilty of a misdemeanor."

The "keeping" or "possessing" is not absolutely prohibited, but in Code Section 5250, by the clause "for the enticement" and in Section 11276, by the clause "for gaming", the Legislature expressed the limitation or condition. In view of that limitation in both of these sections, to either of which the accusation in the present cases might be referred, we think that the learned Trial Judge erred in instructing the jury that proof of possession alone was sufficient to support a conviction for the offense charged. Statutes are to be construed as entireties, *Williams* v. *Standard Oil Co.*, 287 U. S. 235, 49 S. Ct. 115, 73 L. Ed. 287, giving all words used their natural and ordinary meaning, *O'Neil* v. *State*, 115 Tenn. 427, 90 S. W. 627, 3 L. R. A., N. S., 762, in accordance with grammatical rules if possible. *Samuelson* v. *State*, 116 Tenn. 470, 95 S. W. 1012. In Section 11276 the Legislature did not say "gaming device," but "device

for gaming''. ''For gaming'' definitely expresses the purpose of the keeping. In Section 5250, the clause ''for the enticement of any person to gamble'', expresses the purpose of the possession. In determining the guilt or innocence of the accused, these limiting clauses must be given effect.

Whether a device be kept ''for gaming'' or ''for the enticement of any person to gamble'' depends not only on the nature of the device, but on its condition and location.

As this offense was charged, any small merchant in the State who had for sale a deck of cards, would be subject to a term in jail; and any citizen or householder who had in his possession and home a pair of dice for a nursery or parlor game, would be subject to like punishment. In our view, this was not the result intended by the Legislature, and the legislative purpose was not the absolute prohibition of the keeping or possession of these devices, but the suppression of gambling. The Trial Judge should have charged the jury that it was for them to determine whether the articles seized and exhibited in the Court room were or were not devices for gaming, and if so, whether under all the evidence, the condition and location of the property at the time of its seizure was ''for gaming'' or ''for the enticement of any person to gamble''.

In the case of Fred Burks v. State, Putnam Criminal, the judgment is reversed and the case remanded for entry of an order of dismissal.

In the case of J. T. Walden v. State, Wilson Criminal, the judgment is reversed and the case remanded for a new trial.