Wiley Storey, Jr.

*v.*

State of Tennessee.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

Louis J. Epstein, Chattanooga, for plaintiff in error.

William D. Grugett, Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff in error, Wiley Storey, Jr., hereinafter called the defendant, was convicted of the offense of possessing a gaming device, fined $50 and sentenced to 60 days in the county workhouse.

The facts are that on August 1, 1958, two policemen attempted to stop the car driven by the defendant in the City of Chattanooga, in order to make a search of the automobile under a search warrant.

They followed the defendant and he slowed down, bent over in his car, and then stopped. The officers immediately went some ten feet behind the car and recovered 91 stock and/or "butter and egg" tickets. One of the officers stated that he was familiar with this type of ticket and that the same were "live tickets" in that they had been issued the same day for various amounts of money, amounting to $45.82.

The officers further testified that they searched the car of the defendant and while they did not find any other evidence they did discover a slot in the front floorboard six inches long and one inch wide.

The defendant testified that he had been to the Stove Works for the purpose of taking a lunch to a cousin. He testified that the car he was driving was bought by his wife and that the hole or slot had always been in the car. He denied bending over in the car, or of going to the Stove Works every morning, or of having any knowledge of the stock tickets. Further that the officers had recovered the tickets some distance from his car in an intersection. The defendant stated that he was not regularly employed.

The only serious contention made by the defendant is that the stock tickets or butter and egg tickets in and of themselves were not devices used for the enticement of any person to gamble.

The defendant relies on the case of *Burks v. State,* 194 Tenn. 675, 254 S.W.2d 970, 971, as basis for his contention.

In the Burks case a search warrant was obtained and a number of old slot machines were found in a barn in a remote part of Putnam County. There was evidence that the premises had not been recently used, and the evidence was conclusive that the slot machines found were ''for the most part junk'', old, worn out, and unfit for any use except that parts of them might be used for the repair of other machines. In that case the defendants were convicted for the illegal possession of slot machines and this Court reversed, holding that under the facts of that case the defendant was not guilty of the unlawful possession of slot machines.

In the case of *Van Pelt v. State,* 193 Tenn. 463, 246 S.W. 2d 87, 90, it was held that such devices as lottery or policy slips are such devices as contemplated by the statutes. In the Van Pelt case it was said:

"We think therefore that by adopting this quotation with approval this Court recognizes that 'policy slips * * * are among the common forms of gambling devices.' "

See also *Hackerman v. State*, 189 Tenn. 130, 223, S.W. 2d 194.

We therefore think that the circumstantial evidence in this case is sufficient to support the verdict of the jury.

It results that we find no error in the judgment of the lower court and it is affirmed.