FINIS R. JORDAN, JAMES W. SHADOWENS and ALBERT E. RAYMER, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.—467 S.W.2d 840.

February 22, 1971.

John Kyle and James T. Havron, Nashville, for plaintiffs in error,

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Douglas Thoreson and Harold

D. Hardin, Assistant District Attorneys General, Nashville, for defendant in error.

GALBREATH, J.   The plaintiff in error appeal their joint convictions in the Criminal Court of Davidson County for armed robbery and resulting sentences of twenty-one years in the penitentiary.

Jordan's assignment of error challenges only the sufficiency of the evidence. Shadowens and Raymer confine their assignment of error to the conduct of a line-up at which Mrs. Loretta Jordan, the stepmother of the defendant Jordan, her nine year old son, and her mother viewed and identified the two men as those who came to their trailer home on the evening of February 10, 1970, armed with a shot gun and a knife.

The jury had before it credible proof that the three men entered the trailer in which Mrs. Jordan lived with her young son, the step-brother of Finis Jordan, and her mother, Mrs. Omie Morris; and that upon being disturbed by the entry, Mrs. Jordan arose and encountered the intruders. Raymer had a shot gun; Shadowens had a knife. Mrs. Jordan testified that Finis Jordan said to her, ''Cool it, Loretta, cool it. We are here to kill you and them two is here to do it.'' Following this rather solemn threat, the three men went through the modest home taking various and sundry items of personal property, including a pistol, a TV set and some money from the women's purses.

Shortly after the men left, the police were notified and arrested Jordan on the basis of the information given them by the victims. After arresting and talking to Jor-

dan, the police arrested the other two defendants and brought them to the police station where they were viewed and identified in a line-up following a waiver of their right to have an attorney present.

Each defendant testified in his own behalf. Jordan said in effect that Shadowens and Raymer forced him to accompany them to the trailer, and that he personally did not participate in any robbery. Shadowens and Raymer admit being the persons with Jordan on the occasion described by the witnesses for the State, but contend that they were there only as an accommodation to Jordan to help him carry away property that belonged to him. The latter two defendants further contend that the police improperly suggested to Mrs. Morris the positions they occupied in the line-up. The State takes the position that the record does not support this allegation.

The testimony of the defendants complaining about the line-up that they were the two men present during the alleged robbery cures any impropriety in the manner in which the line-up was conducted. Their own testimony furnishes the strongest possible proof that they were indeed the two men with Jordan. Since the defendants took the stand and admitted the truth of the testimony complained of, they waived any objection to its admission. In McClain v. State, Tenn.Cr.App., 445 S.W.2d 942, we overruled an assignment of error regarding the admission of statements alleged to have been obtained from the defendant in disregard of the procedures now well known to the law as the *Miranda* warnings because Mrs. McClain took the stand and repeated the statements she had made to the investigating officer. In

McClain we quoted Hill v. United States, 363 F.2d 176 (5 Cir. 1966):

"We reject this assigned error for a second and entirely different reason. When Hill testified in his own behalf, he substantially repeated the accountant's testimony which is complained about in this assignment. If there was any error in the admission of the accountant's testimony, it was cured by Hill's testimony to the same facts."

Similarly, in Burks v. State, and Walden v. State, considered together at 194 Tenn. 675, 254 S.W.2d 970, Mr. Justice Gailor said:

"In the Burks case, since the defendant took the stand and admitted his ownership of the seized property, he waived objection to the search warrant."

■ We accordingly hold that when a defendant goes upon the stand and admits the truth of evidence the admissibility of which he has challenged, he waives his objection. It follows that the assignment of error relied upon by Shadowens and Raymer is overruled.

Upon an objective consideration of the proof in the record we find it is ample to justify the finding of the jury, and, mindful of the law that vests in the trial jury the prerogative of deciding disputed issues of fact unless the evidence preponderates against its verdict, we must overrule Jordan's assignment going to the sufficiency of the evidence. See McBee v. State, 213 Tenn. 15, 372 S.W. 2d 173.

The judgment of the trial court is affirmed.

Walker and Oliver, JJ., concur.