**UNITED CANNERS, INC., Appellee,**

v.

**John K. KING, Commissioner of Revenue, Appellant.**

Supreme Court of Tennessee, Eastern Section, at Knoxville.

July 8, 1985.

Rehearing Denied Sept. 16, 1985.

C. Blair Scoville, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen. and Reporter, of counsel, Nashville, for appellant.

John B. Phillips, Jr., Stophel, Caldwell & Heggie, P.C., of counsel, Chattanooga, for appellee.

## OPINION

FONES, Justice.

This state revenue case involves the application of the exemption in T.C.A. § 67–4–309(b) extended to a transferee of the ownership of a business, the former owner of which has paid the privilege tax on bottlers imposed by T.C.A. § 67–4–402 for the full tax year in which the transfer was made.

Plaintiff, United Canners, Inc., initiated this action seeking a refund of the tax that was assessed by the commissioner and paid under protest. The chancellor found that United Canners was a transferee under the statute and entitled to recover the tax penalty and interest of $75,936.14. We are of the opinion that plaintiff did not acquire ownership of the bottling business in question and does not qualify for the exemption.

Coca-Cola Bottling Company United, Inc., an Alabama corporation qualified to do

business in Tennessee, is a franchisee of Coca-Cola U.S.A., and as such authorized to operate Coca-Cola Bottling Companies in Augusta, Georgia, Birmingham, Alabama, Spartanburg, South Carolina and Chattanooga, Tennessee. Its bottling plant in Chattanooga is located at 4000 Amnicola Highway.

On February 13, 1976, officials of the Alabama corporation organized and incorporated United Canners, Inc., as a Tennessee corporation and a wholly owned subsidiary of the Alabama corporation. On that same date, February 13, 1976, the parent corporation transferred to the subsidiary what was, in effect, the right to market the canning operation at the Chattanooga facility as distinguished from the bottling operation conducted there, which continued to be operated by the Alabama corporation.

The evidence in the case consisted of two stipulations and the testimony of Albert N. Mullis, Jr., General Manager of the Chattanooga facility. The stipulated facts that describe the transfer and its consequences are as follows:

8. United Canners has conducted and is conducting the same canning operations formerly performed by Coca-Cola Bottling and is using the same plant, equipment, and personnel as Coca-Cola Bottling used when it was conducting the canning operation.

9. United Canners has no employees. All personnel engaged in United Canners' canning operations are employed and paid by Coca-Cola Bottling.

10. United Canners owns no physical, tangible assets. All physical, tangible assets utilized in United Canners' canning operations are owned by Coca-Cola Bottling. United Canners makes no lease payments for any physical assets. No transfer of physical, tangible assets was ever made by Coca-Cola Bottling to United Canners.

11. United Canners only asset is accounts receivable from its customers.

12. On February 13, 1976, United Canners took over the canning operation from Coca-Cola Bottling at the facility located at 4000 Amnicola Highway, Chattanooga, Tennessee. At the same time, United Canners took over all purchase orders, contracts, agreements and understandings between Coca-Cola and its canning customers and, since February 13, 1976, has performed the canning services to those customers pursuant to the purchase orders, contracts, agreements and understandings.

13. United Canners has received and is currently receiving its supplies from the same supplier which previously supplied Coca-Cola Bottling with respect to the canning operation at the facility located at 4000 Amnicola Highway, Chattanooga, Tennessee. Since February 13, 1976, Coca-Cola Bottling has continued to conduct the bottling operation at the facility located at 4000 Amnicola Highway, Chattanooga, Tennessee.

The privilege tax at issue is imposed upon bottlers and manufacturers of soft drinks, "which are closed and sealed in glass, paper, metal, plastic or any type of container or bottle," measured by gross receipts. T.C.A. § 67–4–402.

Thus, the tax at issue is applicable equally to both the bottling and the canning operation conducted by the two corporations at the Chattanooga facility.

The exemption sub-section, § 67–4–309(b), reads as follows:

(b) Whenever the ownership of a business subject to the gross receipts tax, the owner of which has paid the tax on an annual basis in accordance with the provisions of this part on or before August 1 of any year, is transferred during said year after said payment, the transferee shall not be liable for any further gross receipts taxes for the year in which the transfer is made. It is hereby declared to be the legislative intent that only one (1) gross receipt tax be paid on account of the operation of a business during any one (1) year.

The only aspect of the Chattanooga business owned by the Alabama corporation on February 13, 1976, that was transferred to

the Tennessee corporation was the right to market the canning production of that facility. The Alabama corporation continued to employ and pay all personnel engaged in the canning operation. The Tennessee corporation acquired no interest whatever in any physical asset of the Chattanooga business. It has no employees and no assets other than accounts receivable from the canning customers. The Alabama corporation is one of the Tennessee corporation's canning customers, purchasing approximately twenty percent of the canning production, according to Mr. Mullis.

In our opinion the transaction of February 13, 1976, did not result in the transfer of the ownership of the Chattanooga business of the Alabama corporation to the plaintiff, United Canners, Inc., and the requirement of the first sentence of T.C.A. § 67–4–309(b) has not been met.

On the other hand, the second sentence says, with unmistakable clarity, that the Legislature intends that only one gross receipts tax be paid on account of the operation of a business during any one year. The Alabama corporation paid the tax due on the bottling and canning operation at the Chattanooga facility for the period from July 1, 1975 to June 30, 1976. The Tennessee corporation was assessed a tax on the canning operation from February 13, 1976, to June 30, 1976, which for that period of time and that portion of the operation, was clearly a duplication of the tax paid by the Alabama corporation before the so-called transfer.

In construing a statute it is the duty of the Court to give every word and phrase some meaning. *Levy v. Davis*, 125 Tenn. 342, 142 S.W. 1118 (1911). Statutes are to be construed as entireties giving all words used their natural and ordinary meaning. *Burks v. State*, 194 Tenn. 675, 254 S.W.2d 970 (1953). The application of that statutory rule of construction seems to require that the Court interpret that the legislative intent was to impose only one tax on the operation of a business, per annum, provided there was a transfer of the ownership of the business.

Exemptions in tax statutes are strictly construed against the taxpayer and the burden is on the taxpayer to establish his exemption. Every presumption is against the exemption and a well-founded doubt is fatal to the claim. *Kingsport Publishing Corp. v. Olsen*, 667 S.W.2d 745 (Tenn.1984); *Shearin v. Woods*, 597 S.W.2d 895 (Tenn.1980); *Woods v. General Oils, Inc.*, 558 S.W.2d 433 (Tenn.1977).

The Alabama corporation created a second entity and put it into the business of marketing its canning production, but did not transfer to it any incident of ownership of its Chattanooga business. The result is that there are two taxable entities doing a bottling and a canning business from the Chattanooga facility, and both are subject to the tax imposed by T.C.A. § 67–4–402. The Alabama corporation was, and remains, the owner of that business facility, and the Tennessee corporation is not entitled to the exemption in T.C.A. § 67–4–309(b) because it is not the transferee of the ownership of a business.

The judgment of the trial court is reversed, and this suit is dismissed at the cost of plaintiff.

## OPINION ON PETITION TO REHEAR

A Petition to Rehear has been filed by plaintiff United Canners, Inc., considered by the Court, found to be without merit, and is respectfully denied.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.