IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,    )
                       )
       Appellee,       )       No. 02-C-01-9511-CR-00351
                       )
v.                     )       Shelby County
                       )
RICHARD MADKINS,       )       W. Fred Axley, Judge
                       )
       Appellant.      )       (Especially Aggravated Robbery)


FOR THE APPELLANT:                    FOR THE APPELLEE:

Richard Madkins, pro se               John Knox Walkup
TDOC #107546                          Attorney General & Reporter
CCA-South Central Correctional Center 500 Charlotte Avenue
P. O. Box 279                         Nashville, TN  37243-0497
Clifton, TN  38425-0279
(On Appeal)                           Sarah M. Branch
                                      Assistant Attorney General
                                      450 James Robertson Parkway
L. Kathleen Mitchell                  Nashville, TN  37243-0493
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN  38103-1947               John W. Pierotti
(At Trial)                            District Attorney General
                                      201 Poplar Avenue, Suite 301
                                      Memphis, TN  38103-1947

                                      Lee V. Coffee
                                      Assistant District Attorney General
                                      201 Poplar Avenue, Suite 301
                                      Memphis, TN  38103-1947

                                      Terrell L. Harris
                                      Assistant District Attorney General
                                      201 Poplar Avenue, Suite 301
                                      Memphis, TN  38103-1947




OPINION FILED: _____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Richard Madkins (defendant), was convicted of especially aggravated robbery, a Class A felony, by a jury of his peers.[1] The trial court, finding the defendant to be a career offender, imposed the maximum sentence within Range III, consisting of a $50,000 fine and confinement for sixty (60) years in the Department of Correction.[2]

The defendant presents six issues for review. He contends the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he was guilty of especially aggravated robbery beyond a reasonable doubt. He further contends the trial court committed error of prejudicial dimensions by (a) giving an erroneous instruction on reasonable doubt, (b) overruling his objection to the vagueness of a witness's testimony regarding her identification of a participant in the crime, (c) permitting the state to engage in improper argument during summation, and (d) denying his motion for severance. Finally, he contends he was denied his constitutional right to the effective assistance of counsel.

The judgment of the trial court is affirmed.

On September 27, 1993, the victim, the owner of a liquor store, went to the bank and obtained $15,000 in cash for the following business day. A bank guard walked the victim to her car. She placed the sack containing the $15,000 in the trunk of her car.

The victim had a business appointment at 1:30 p.m. at a restaurant across from the

---

[1] The jury also convicted the defendant of attempting to commit murder in the first degree during the perpetration of a felony. The trial court sentenced the defendant on this count and ordered the two sentences to be served consecutively.

The record contains one sentencing judgment form for the offense of especially aggravated robbery. It does not contain a sentencing judgment form for the attempt to commit felony murder. During the interim between sentencing and the perfection of the appeal in this case, the supreme court held a person cannot be convicted of an attempt to commit felony murder because a conviction for the offense does not require the requisite specific intent to kill. State v. Kimbrough, 924 S.W.2d 888, 892 (Tenn. 1996).

The record is silent regarding what occurred regarding the conviction for attempt to commit felony murder. Ordinarily, this would require a reversal because the judgment would not be final. Thus, the record should contain an explanation, in these cases, of what course of action was taken. Since this offense does not exist, it is obvious the trial court set aside the conviction and dismissed the prosecution in view of Kimbrough. Moreover, this Court would have to reverse this conviction if it was considered on the merits.

[2] Tenn. Code Ann.§ 40-35-108(c).

Mall of Memphis. She decided to shop at the mall prior to her appointment. The victim parked her car in the mall parking lot and entered the mall at approximately 12:50 p.m. She exited the mall at approximately 1:15 p.m. The victim looked for suspicious individuals in the parking lot. When she did not see anyone, she walked to her car and entered the vehicle.

As the victim placed the key in the car's ignition, she saw the face of Jose Holmes through the driver's side front window. Holmes had a stocking on his head. She saw the defendant placing a stocking on his head. The victim asked Holmes and the defendant what they wanted. One of them replied, "Money." She told them she did not have any money. The victim started her car during the confrontation and crashed into another vehicle to bring attention to her predicament. Since the door was locked, Holmes, who had a pistol, fired through the window. The projectile struck the victim and activated the car alarm. Holmes reached through the window and removed the keys from the ignition. He went to the passenger side of the vehicle, opened the glove compartment, and pushed the button to open the trunk. He took the victim's purse and removed the paper sack containing the $15,000 from the trunk. Holmes and the defendant fled the scene.

The victim was afraid she would bleed to death if she remained inside her vehicle. She subsequently exited the vehicle and laid on the sidewalk so someone would notice her.

Several witnesses saw Holmes and the defendant. One witness saw Holmes with the victim's purse and saw him remove the sack from the trunk before fleeing. This witness was not able to positively identify the defendant, but the witness was able to positively identify the clothing worn by the defendant.

Another witness saw two men run by her. She identified Holmes as the man wearing white and armed with a pistol. She testified the defendant resembled the second man. She too positively identified the clothing worn by the defendant.

A witness running errands at a nearby hotel was approached by two men on foot at approximately 2:00 p.m. Both men had been running and were gasping for breath. As they approached the witness, both men were looking from side to side to determine if anyone was watching them. According to the witness, both men wore jogging outfits. The

3

witness was able to identify the clothing worn by Holmes and the defendant. He had a brief conversation with the two men. He then went inside the hotel. Later, the defendant entered the hotel and asked where the restroom was located. The witness told him he did not know where it was located. The defendant began looking for the restroom. Holmes subsequently entered the hotel and told the witness he needed a ride. The witness told Holmes he would not be leaving the hotel. Holmes then exited the hotel and began walking towards Nonconnah Creek. When the defendant resurfaced, he wanted to know where Holmes had gone. The witness told the defendant his friend had walked towards the creek. The defendant began walking in the direction of the creek. After hearing the sirens of police cars responding to the robbery-shooting call, the defendant removed a stocking cap from behind his back, dropped it, and began to run.

When the police investigation established Holmes and the defendant were last seen approaching Nonconnah Creek, the officers sealed the area so the two perpetrators could not escape. Two officers searched the creek. Helicopters were utilized as were two police dogs. Holmes was apprehended inside the creek lying in bushes. A large amount of money was lying beside his head. The defendant was apprehended sometime later. He was wearing jogging pants with a green shirt as described by the witnesses. He identified himself as Corey Brown. He told the police he was only trying to steal cars at the Mall of Memphis.

## I.

The defendant contends the evidence is insufficient, as a matter of law, to support his conviction. He argues the state failed to prove the elements of the offense and his identity as a perpetrator of the crime.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803

4

S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

In order to convict a defendant of especially aggravated robbery, the state must demonstrate that the defendant (a) intentionally or knowingly took the property of another without consent, (b) with the intent to deprive the owner of the property, (c) by putting the victim in fear, (d) by employing a deadly weapon, (e) and the victim suffered serious bodily injury. Tenn. Code Ann. §§ 39-13-401 and -403, and 39-14-103. It is sufficient for the state to prove the defendant acted with the intent to assist in the commission of the offense. Tenn. Code Ann. § 39-11-402.

5

The victim testified two men robbed her and one of them shot her. She identified Jose Holmes as the person who shot her. Witnesses saw Holmes and a man in green flee the scene of the shooting. Minutes later, the defendant, wearing green, appeared with Holmes at a nearby hotel. When the defendant heard sirens, he began to run. Once he was apprehended, he immediately explained he went to the Mall of Memphis to steal cars.

The evidence contained in the record is sufficient to support a finding by a rational trier of fact that the defendant was guilty of especially aggravated robbery beyond a reasonable doubt. Tenn. R. App. P. 13(d); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

This issue is without merit.

## II.

Several issues raised by the defendant have been waived. Most of the issues have been waived because they were not included in a written motion for a new trial. Some of the issues have been waived for yet other reasons.

When the accused in a criminal prosecution is tried and convicted of a crime, the accused must preserve the issues he or she believes will result in a new trial in a written motion for a new trial. Tenn. R. Crim. P. 33(b). The motion must be filed with the clerk of the trial court within thirty (30) days of the date the sentencing order is entered by the trial court. Tenn. R. Crim. P. 33(b).

In this case, a timely motion for a new trial was filed albeit it was not complete. However, before trial counsel could amend the motion, the defendant sought and was granted the right to proceed pro se. The defendant did not amend the motion or timely file another motion to preserve the issues he thought would result in a new trial, and, if not granted, the issues he desired to raise in this Court.

The fact the defendant is a layman does not excuse his compliance with the rules of procedure. He was required to comply with the rules to the same extent as if he were a lawyer. See Cole v. State, 798 S.W.2d 261, 263-64 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

6

The failure to include an issue in the motion for a new trial when there has been a jury trial generally results in the waiver of the issue. Tenn. R. App. P. 3(e). This rule states in part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise, such issues will be treated as waived.

This rule does not encompass issues which, if decided favorably to the accused, would result in the dismissal of the prosecution. State v. Keel, 882 S.W.2d 410, 415-16 (Tenn. Crim. App.), per. app. denied (Tenn. 1994)(variance between indictment and evidence); State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987), per. app. denied (Tenn. 1988)(sufficiency of indictment and evidence); State v. Moore, 713 S.W.2d 670, 673-74 (Tenn. Crim. App. 1985)(sufficiency of the evidence); State v. Durham, 614 S.W.2d 815, 816 n.1 (Tenn. Crim. App. 1981).

The defendant contends the assistant district attorney general engaged in prosecutorial misconduct during summation. This issue was not included in the motion for a new trial and, therefore, was waived. Tenn. R. App. P. 3(e). Also, no objection was entered contemporaneously with the making of these statements. Tenn. R. App. P. 36(a).

The defendant further contends the trial court committed error of prejudicial dimensions by denying his motion for a severance of defendants. He argues the evidence of Holmes's guilt was much stronger than the evidence of his guilt; and it was possible for him to be found guilty based upon his association with Holmes. This issue was not included in the motion for a new trial and, therefore, was waived. Tenn. R. App. P. 3(e). Moreover, the record does not contain the hearing on this motion. See State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994); State v. Eldridge, 749 S.W.2d 756, 757 (Tenn. Crim. App.), per. app. denied (Tenn. 1988); State v. Morton, 639 S.W.2d 666, 668 (Tenn. Crim. App.), per. app. denied (Tenn. 1982). Moreover, this Court must presume the decision was correct. State v. Locust, 914 S.W.2d 554, 557

(Tenn. Crim. App. 1995); State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994).

This Court has reviewed these issues to the extent the record will permit review. If these issues were considered on the merits, they would be found to be without merit.

Finally, the defendant contends he was denied his constitutional right to the effective assistance of counsel. This issue was not included in the motion for a new trial. Also, no evidence was offered during the motion for a new trial regarding this issue. Nevertheless, this Court is of the opinion the defendant's right to litigate the issue of ineffective assistance of counsel in a post-conviction suit should be preserved. It has been said on numerous occasions raising this issue post-trial is a practice "fraught with peril."

## III.

The defendant contends the trial court gave an erroneous instruction on reasonable doubt. The instruction given by the trial court, see T.P.I. -- Crim. 2.03, has been held to be constitutional, by the supreme court and this court. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App. 1994).

This issue is without merit.

## IV.

The defendant contends the trial court committed error of prejudicial dimensions when it failed to strike Kelly Smith's testimony that the defendant resembled the man she saw in the parking lot of the Mall of Memphis. On direct examination, the following colloquy took place:

> Q: Do you see anybody in the courtroom today, Miss Smith, that resembles -- looks like the person that you saw on the driver's side of the car?

8

A: I might could tell if the other defendant stood up. Vaguely, yes. I see something somewhat familiar, yes.

Defense counsel objected on the ground the witness's vague identification was insufficient for a courtroom identification. The trial court permitted the witness to state the defendant resembled the man she saw on the driver's side of the car.

The vagueness of the witness's recognition of the defendant goes to the weight of the identification, not its admissibility. State v. Michael Hall, Shelby County No. 02-C-01-9304-CR-00062 (Tenn. Crim. App., Jackson, August 24, 1994); State v. Hullum, 664 S.W.2d 314, 318 (Tenn. Crim. App. 1983), per. app. denied (Tenn. 1984)(witness's testimony that gun "appeared" to be the gun involved in the robbery was sufficient to admit gun into evidence; the weight of this testimony is a jury question). Moreover, this testimony was but one of numerous facts establishing the defendant's identity. The identity of an accused as a perpetrator of a crime may be established by direct and circumstantial evidence that establishes the defendant's identity beyond a reasonable doubt.

This issue is without merit.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JERRY L. SMITH, JUDGE

9