IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

# STATE OF TENNESSEE V. EZRA SHAWN ERVIN AND ANDREW MCKINNEY

**Appeal from the Criminal Court for Hamilton County**
**No. 222789 & 222780, Rebecca Stern, Judge**

**January 9, 2001**

**No. E1999-00287-CCA-R3-CD**

The defendants were found guilty of robbing a Krystal restaurant in Chattanooga. In this direct appeal, they allege four errors. They contend the evidence was insufficient to support their convictions; the trial court erred in allowing certain items of clothing found in one of the defendant's vehicle to be admitted into evidence because the clothing could not be positively identified as clothing worn by the people robbing the restaurant; the trial court erred in failing to suppress a statement made by one of the defendants at the time of his arrest because the defendant had not been given Miranda warnings; and the trial court erred in failing to declare a mistrial after the jury reported improper verdicts. We conclude there was no error made by the trial court, and the judgments below are affirmed.

**Tenn.R.App.P.3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

WILLIAM B. ACREE, JR., SP.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND DAVID H. WELLES, JJ, joined.

Mike Little, for the appellant, McKinney; and Ardena J. Garth, District Public Defender; and Donna Robinson Miller, Assistant Public Defender, for the appellant, Ervin.

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Counsel; William H. Cox, III, District Attorney General; Yolanda D. Mitchell, Assistant Public Defender, for the appellee, State of Tennessee.

**OPINION**

The defendants, Ervin and McKinney,[1] were indicted for the crime of aggravated robbery of a Krystal restaurant in Chattanooga. The jury found McKinney guilty of aggravated robbery and Ervin guilty of robbery. The appeals were consolidated and collectively the defendants present the following issues for review:

1. The evidence was insufficient to support the verdict of the jury.

2. The trial court erred in allowing certain items of clothing found in Ervin's vehicle to be admitted into evidence.

3. The trial court erred in allowing a statement made by McKinney to be admitted into evidence.

4. The trial court erred in failing to declare a mistrial after the jury reported improper verdicts.

To determine whether the evidence is sufficient to support the verdict of a jury, it is necessary to review the evidence.

At 4:30 a.m., on April 24, 1998, a robbery occurred at a Krystal restaurant in Chattanooga, Tennessee. According to the night manager, two people entered the restaurant with their faces covered by ski masks or by caps and scarfs. One of the persons produced a gun, cocked it and told the manager to open the safe. After the safe was opened, the other took the money.

The manager recognized McKinney from his eyes.[2] McKinney had previously worked at the restaurant and, afterwards, was a regular customer. The manager said that he knew the look in McKinney's eyes which was a particular look McKinney had when he was under stress.

The manager testified that the taller of the two was wearing a pair of khaki pants and a sweater or a jacket. He described the jacket as having block colors and was blue and peacock or turquoise. McKinney, who was the shorter person, had on black pants and an anorak type jacket with a hood. The sleeves on the jacket were too long.

After the robbers left, the manager called the police. The manager gave the police a description of the two people and told them that he believed one of the robbers to be Andrew McKinney. The manager gave the police McKinney's address from the business records .

At approximately 5:30 a.m., three police officers went to McKinney's house and observed a vehicle parked on the street. As they approached the vehicle, two people exited it. The taller of the two was on the driver's side and was wearing clothing identical to that described by the manager. He fled and eluded the two officers who gave chase.

---

[1]The defendants will be referred to collectively as defendants or by their proper name.

[2]The manager had been trained to notice eyes and facial features when he was in the military.

McKinney was immediately taken into custody. While an officer was conducting a pat down, McKinney asked why he was being arrested. The officer told McKinney that they needed to find out who the other person was or McKinney was going to be charged alone with an armed robbery. McKinney responded with words to the effect that: "We didn't rob that Krystal, that manager just don't like me." This statement was significant because the officer had made no reference to a Krystal restaurant.

The police later determined the vehicle was owned by Ezra Ervin. From a photograph at the police station, the police were able to identify Ervin as the person who exited the vehicle and fled.

Several items of clothing were found in Ervin's car. The items consisted of a black Nike ball cap, a pair of brown leather gloves, a navy blue type pullover hat that would fit over one's head, a toboggan and a shirt. These items were carried to the manager at the Krystal. He testified that the items looked like what the two men were wearing, but he could not say they were the actual items.

The defendants offered no evidence.

The indictment was a single count indictment charging both defendants with aggravated robbery. The trial judge instructed the jury on the lesser included offenses of robbery and theft. She also instructed the jury that they could consider evidence of flight by Ervin. When the jury returned, they found Ervin guilty of robbery, flight and theft. They found McKinney guilty of aggravated robbery and theft. The trial judge directed the jury to reconsider the verdicts and gave a supplemental instruction.

The jury returned and found McKinney guilty of aggravated robbery and Ervin guilty of robbery. Ervin was sentenced to nine years as a Range II multiple offender and McKinney was sentenced to ten years as a Range I standard offender.

In determining the sufficiency of the convicting evidence, this Court does not reweigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776 (Tenn.Crim.App. 1990), State v. Butler, 900 S.W.2d 305 (Tenn.Crim.App. 1994). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all the factual issues raised by the evidence are resolved by the trier of fact, not this court. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). A guilty verdict, approved by the trial judge, credits the testimony of the State's witnesses and resolves all conflicts of testimony in favor of the theory of the State. State v. Hatchett, 560 S.W.2d 627 (Tenn. 1978). Since a verdict of guilty removes the presumption of innocence and replaces it with a presumption of guilt, the accused, has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the jury. State v. Tuggle, 639 S.W.2d 913 (Tenn. 1982), Butler, at 309. This court will not disturb a verdict of guilty due to the sufficiency of the evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. Tuggle, at 914, Butler, at 309.

There was sufficient evidence upon which the jury could find the defendants guilty of these

crimes. There were identifications made of both defendants. The manager identified McKinney from his eyes and was quite positive in his identification.[3]       The manager provided the police with a description of the clothing worn by the robbers. When McKinney and Ervin were located shortly after the robbery, the clothing worn by Ervin matched the description given the police by the manager. Clothing found in Ervin's vehicle was similar if not the same clothing as described by the manager. It is well settled that identification of a person who committed the offense for which he is on trial is a question of fact for the jury to be determined upon a consideration of all of the evidence in the case. State v. Strickland, 885 S.W.2d 86, 87 (Tenn.Crim.App. 1993); State v. Crawford, 635 S.W.2d 704, 705 (Tenn.Crim.App.1982). The jury found the identifications made by the manager were accurate, and the evidence supports that finding. In addition, McKinney's knowledge that a Krystal had been robbed was strong and corroborating evidence of his guilt as was Ervin's flight from the police. Finally, the jury could conclude that it was not coincidental that Ervin and McKinney were found together shortly after the robbery at an address furnished the police by the manager of the Krystal. In summary, we hold the evidence supports the verdict of the jury.

The second issue presented for review is that the trial court erred in allowing certain items of clothing found in Ervin's vehicle to be admitted into evidence. The defendants contend that introduction of this evidence was improper because the night manager could not positively identify this clothing as the clothing worn by the persons robbing the restaurant. In reviewing the record, we find that the description of the clothing found in Ervin's vehicle is similar if not the same as the description given by the manager. Although the manager could not positively state these items were the actual items the people were wearing, he said they appeared to be the same. The fact that the manager could not positively identify these items as the items worn by the robbers does not make the evidence irrelevant and inadmissible, but rather, the uncertainty is a circumstance to be considered by the jury. See State v. Hullum, 664 S.W.2d 314, 318 (Tenn.Crim.App. 1983). We hold that this evidence was relevant and admissible.

The third issue presented for review is that the trial court erred in allowing McKinney's statement to the effect that "We didn't rob that Krystal, that manager just don't like me" to be admitted because he had not been given his Miranda warnings. The State concedes that McKinney was not mirandized., but contends that McKinney volunteered this statement. As the State argues, volunteered and spontaneous statements are not barred by the Fifth Amendment and their admissibility is not effected by Miranda. State v. Hurley, 876 S.W.2d 57, 66 (Tenn.1993), State v. Ensley, 956 S.W.2d 502, 511 (Tenn.Crim.App. 1996). We find that McKinney's statement was volunteered and was not a result of interrogation by the police officer. McKinney asked the officer why he was being arrested, and the officer told him. McKinney then made reference to the Krystal robbery. This issue is without merit.

The final issue presented for review is that the trial court erred in failing to declare a mistrial after the jury reported improper verdicts. The basis for this issue is the jury found McKinney guilty

---

[3]This identification should be compared to the identification in State v. Bishop, (Ct.Crim.App.1997, CCA No. 02C01-9508-CC-00243) wherein this Court held that an eye witness identification of a person wearing a ski mask was sufficient to support a jury verdict of aggravated robbery when the witness could identify the person by his eyes.

of both aggravated robbery and the lesser included offense of theft, and Ervin guilty of both robbery and theft, two lesser included offenses of aggravated robbery. The jury also found Ervin guilty of flight. After the jury returned the verdict, the trial court gave supplemental instructions and sent the jury out for further deliberations. The jury then returned verdicts in proper form. It is well settled that when a jury returns an incorrect verdict, the trial court has both the power and the duty to direct the jury to amend the verdict and put it in proper form. Guinn v. State, 595 S.W.2d 832, 835 (Ct.Crim.App. 1979), State v. Nichols, 877 S.W.2d 722, 730 (Tenn.1994). In the case under consideration, the trial court performed her duty by giving supplemental instructions to the jury and directing them to return for further deliberations. There is no merit to this issue.

In conclusion, we hold that the evidence was sufficient to support the jury's verdicts; the trial court correctly admitted into evidence items of clothing which appeared to be the clothing worn by the defendants at the time of the robbery but which was not positively identified as such; the trial court correctly found that a statement of one of the defendants was admissible in the absence of Miranda warnings because it was volunteered and spontaneous; and that the trial court correctly directed the jury to amend an improper verdict. The judgment of the trial court is affirmed.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE