**AMERICAN CYANAMID COMPANY, Plaintiff/Appellant,**

**v.**

**Joe HUDDLESTON, Commissioner of Revenue of the State of Tennessee, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 26, 1995.

Rehearing Denied June 9, 1995.

Application for Permission to Appeal Denied by Supreme Court Oct. 2, 1995.

John Thomas Feeney, Lee Anne Murray, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, Nashville, Kevin Giordano, Senior Tax Counsel, American Cyanamid Company, Wayne, New Jersey, for Plaintiff/Appellant.

Charles W. Burson, Attorney General and Reporter, Daryl J. Brand, Senior Counsel, Attorney General's Office, Tax Division, Nashville, for Defendant/Appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

Plaintiff has appealed from the non-jury dismissal of its suit for refund of sales/use tax assessed and paid upon the free distribution of prescription drugs to physicians.

Plaintiff presents the issues for review in the following form:

A. Whether the trial court erred when it determined that prescription drugs provided as samples are not exempt from the Tennessee Sales and Use Tax pursuant to *Tenn.Code Ann.* § 67-6-320.

B. Whether the trial court erred when it determined the Tennessee Department of Revenue possessed statutory authority to impose a use tax on the transaction at issue.

C. In the alternative, whether the trial court erred when it failed to rule the distribution of prescription drugs is a "sale" under the broad definition of sale contained in the Retailers' Sales Act which is exempt from taxation pursuant to *Tenn. Code Ann.* § 67-6-320.

D. Whether the trial court erred in concluding plaintiff is the "user" of the samples for use tax purposes.

T.C.A. Section 67-6-201 reads in pertinent part as follows:

**Taxable privilege declared.**—It is declared to be the legislative intent that every person is exercising a taxable privilege who:

(1) Engages in the business of selling tangible personal property at retail in this state;

(2) Uses or consumes in this state any item or article of tangible personal proper-

ty as defined in this chapter, irrespective of the ownership thereof or any tax immunity which may be enjoyed by the owner thereof; . . . .

T.C.A. Section 67–6–203(a) reads as follows:

**Property used, consumed, distributed or stored.**—(a) A tax is levied at the rate of six percent (6%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided, that there shall be no duplication of the tax.

T.C.A. Section 67–6–211 reads as follows:

**Property no longer in interstate commerce.**—It is the intention of this chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state. . . .

T.C.A. Title 67, Chapter 6, Part 3 contains a series of exemptions from the Sales and Use Tax, such as blood and blood plasma (Section 67–6–304), insulin (Section 67–6–312), medical equipment and devices for handicapped persons (Section 67–6–314), optical services and equipment (Section 67–6–316), ostomy products and appliances (Section 67–6–316), and oxygen (Section 67–6–318).

T.C.A. Sections 67–6–319 and 320 read as follows:

**—319. Pharmaceutical samples.**—There is exempt from the sales and use tax samples produced by a pharmaceutical plant within the state for future distribution outside of the state or temporarily stored by such pharmaceutical plant within the state for future distribution outside of the state. [Acts 1947, ch. 3, § 6; 1949, ch. 245, § 2; C.Supp.1950, § 1248.61 . . . .

**—320. Prescription drugs.**—(a) There is exempt from the tax imposed by this chapter any prescription drug or medicine issued by a licensed pharmacist in accordance with an individual prescription written for the use of a human being by a practitioner of the healing arts licensed by the state of Tennessee.

(b) There is also exempt from the tax imposed by this chapter any prescribed drug or medicine sold to a practitioner of the healing arts licensed by the state of Tennessee or issued by a licensed pharmacist for use in the treatment of a human being . . . .

■ Plaintiff first argues that, since the legislature has exempted sales of prescription drugs to consumers and to health care practitioners (physicians), it is absurd to tax the gift of prescription drugs to physicians for free distribution to their patients. Where legislation is free of contradiction and ambiguity, courts are not at liberty to depart from the words of the statute because of the justice of a particular case or supposed legislative intent. *Carson Creek Vacation Resorts, Inc. v. Department of Revenue,* Tenn.1993, 865 S.W.2d 1; *Austin v. Memphis Publishing Co.,* Tenn.1983, 655 S.W.2d 146.

■ Plaintiff argues that Section 67–6–320, quoted above, exempts all prescription drugs prescribed by physicians. This Court does not agree. The exemption applies only to (a) drugs "issued by a licensed pharmacist upon a physician's prescription" and (b) prescribed drugs sold to a physician or "issued" by a pharmacist for treatment of a human. The gift of drugs to a physician by a manufacturer is not included in this exemption.

■ Plaintiff next argues that is not the proper party to be taxed because the gift drugs were not imported or distributed in Tennessee by plaintiff, but by the physicians who requested that the drugs be sent to them. No evidence is cited to show that the drugs in question were sent to physicians *at their* request. 21 U.S.C. 353(d)(2)(A) does require that distribution of drug samples be at the request of licensed physicians, but the existence of this law does not prove that the drugs under consideration were all shipped into Tennessee at the request of physicians. No evidence is cited to show that any of the drugs were ordered by the physicians to be shipped to them from outside the state and were thereby "imported" by them. The complaint simply states:

... The taxpayer provides without charge certain prescription drugs and medicines to practitioners of the healing arts for treatment of human beings.

6. This suit is brought pursuant to Tennessee Code Annotated § 67–1–1801, *et seq.* for the refund of certain taxes remitted by the taxpayer and collected by the Commissioner from January 1989 through August 1991, on the prescription drugs and medicines given to Tennessee healing arts practitioners by taxpayer. . . .

The evidence shows that approximately 98% of the free drug samples were personally delivered to physicians by sales representatives of plaintiff who obtained the "request" when the delivery was made.

Plaintiff cites Rule 1320–5–1–.47 which provides:

(1) Physicians and surgeons are the consumers of the various items of tangible personal property and taxable services which they use in the rendition of their professional services and as such, are required to pay the Sales or Use Tax on any of their purchases.

(2) Fees for professional services rendered by physicians and surgeons are not subject to the Sales or Use Tax. If physicians and surgeons, apart from their professional services are engaged in business selling tangible personal property or taxable services, they are vendors and must collect and report the Sales or Use Tax on such sales.

(3) Any prescription drug or medicine sold to a practitioner of the healing arts who is licensed in this state is exempt from the tax.

■ The rule is inapplicable to the distribution to physicians of free samples for free distribution to their patients. Subsection (1) applies to any personal property actually used by physicians in rendition of professional services. Subsection (2) applies to sales by physicians to patients. Subsection (3) applies to purchase of drugs by a physician. No evidence is cited to show that any of the subject drugs were used by a physician in rendition of professional services, or sold, or purchased by a physician.

■ Plaintiff next argues that the physicians "use" the drugs when they distribute them to their patients. It is arguable that the delivery of the sample drugs by physicians to patients is a use, consumption or distribution taxed by T.C.A. §§ 67–6–203(a) and 211, above. However, if taxed to the manufacturer upon delivery to the physician, a retaxation of the same property upon redelivery to the patient would be double taxation in violation of § 67–6–203(a).

■ Plaintiff next argues that the gift of the drugs was a "sale" and therefore exempt under T.C.A. Section 67–6–320(b), quoted above. T.C.A. Section 67–6–102(23)(A) does provide that any transfer of personalty *for a consideration* is a sale.

Plaintiff insists that the benefit (to plaintiff) of increased patronage is sufficient consideration to qualify the gifts of drugs to physicians as a "sale." Unquestionably both the donor and the donee of the drugs expect to receive and do receive benefits from free distribution of the drugs. A gift is by nature designed to express or induce gratitude and thereby foster good will. Gratitude of the physician and patient would naturally influence them to favor the donor in patronage. Availability of free drugs encourages their use which demonstrates their effectiveness and encourages further use.

Where the donor solicits the request and delivers the gift with expectation of benefit, but without any promise of the donee to respond beneficially to the donor, there is no consideration to qualify the gift as a sale.

■ Plaintiff challenges the position of the defendant that the "use" of the drugs within the State for sales promotional purposes was a taxable use. It is insisted that the evidence preponderates against a finding that plaintiff uses the free samples for promotional or advertising purposes.

A dentist testified that he used the samples in pain management; that he requests drugs which he considers beneficial to his patients, and that he uses them to determine their effectiveness before prescribing them for his patients. He does not deny that the receipt of samples has a beneficial effect

upon the amount of plaintiff's products prescribed by him.

A physician at a publicly owned hospital testified that sample drugs were put in stock and issued to indigent patients, but, in some instances to test effectiveness or toleration by the patient.

There is evidence of ethical guidelines against accepting gifts to influence use of particular drug products, but there is no evidence that it is unethical to accept sample drugs for use in determining therapeutic effect of the drugs. Such use, if effective, naturally encourages prescription of the drugs which prove effective.

■ Sales promotion by free samples has two aspects, (1) the gift of a valuable commodity to promote good will and increase familiarity with the product, and (2) the opportunity to test the commodity to determine its merit. Neither aspect constitutes the free distribution of sample drugs a sale to the donee. Such activity is a taxable "use" or "distribution."

For Sales/Use Tax purpose, "use" includes "consumption," "distribution," and "storage" and "utilization for profit-making purposes." T.C.A. § 67–6–102(30)(A); *J.C. Penney Co., Inc. v. Olsen*, Tenn.1990, 796 S.W.2d 943; *Sears, Roebuck & Co. v. Woods*, Tenn.1986, 708 S.W.2d 374.

■ Tax exemption statutes are to be construed against the taxpayer and will not be implied. *Hyatt v. Taylor*, Tenn.1990, 788 S.W.2d 554.

■ Every presumption is against exemption, and any well founded doubt defeats a claimed exemption. *United Canners, Inc. v. King*, Tenn.1985, 696 S.W.2d 525.

■ The burden is upon the taxpayer to establish a claimed exemption. *Woods v. General Oils, Inc.*, Tenn.1977, 558 S.W.2d 433.

Plaintiff has not established its claim to exemption in the present case.

The tax situation in respect to free drugs to physicians is, indeed, anomalous. However, it is the office of the legislature, and not the courts, to cure anomalies in legislation.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for any further necessary proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.